L. Lynn HOGUE, Individually, and the People of the State of Arkansas, Upon the Relation of L. Lynn Hogue *v.* James NEAL, In His Capacity as Executive Director of the Arkansas Supreme Court Committee on Professional Conduct; and Carlton Bailey, Sue Winter, Dr. Patricia Youngdahl, Richard A. Reid, Kenneth Reeves, Bart Virden, and Win A. Trafford, In Their Capacity as Members of the Arkansas Supreme Court Committee on Professional Conduct

99-1451                                    12 S.W.3d 186

Supreme Court of Arkansas
Opinion delivered January 27, 2000

*L. Lynn Hogue*, Southeastern Legal Foundation, Inc., for petitioners.

*James A. Neal*, Executive Director, Arkansas Supreme Court Committee on Professional Conduct, by: *Lynn Williams*, for respondents.

PER CURIAM. Petitioner L. Lynn Hogue, an Arkansas licensed attorney, petitions this court for a writ of mandamus against respondents, James Neal, as Executive Director of the Arkansas Supreme Court Professional Conduct Committee (Committee), and the seven committee members, to compel them to perform their duties required under the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law. Hogue filed his complaint with Neal and the Committee on September 15, 1998, regarding Arkansas licensed attorney William Jefferson Clinton, Arkansas Bar No. 73019. Hogue alleged Mr. Clinton's misconduct included conduct inimical to, and destructive of, the administration of justice, such as lying, deceit, perjury, fraud, dishonesty, untrustworthiness, obstruction of justice, subornation of perjury, and witness tampering. In support of his allegations, Hogue filed with his complaint (1) the Referral to the United States House of Representatives from the Office of Independent Counsel; (2) a copy of the Affidavit of Monica Lewinsky, dated January 7, 1998; (3) an excerpt from the transcript of Mr. Clinton's deposition testimony in *Jones v. Clinton* dated January 17, 1998; and (4) an exhibit to that deposition, containing the court's definition of "sexual relations." Hogue alleged Neal acknowledged receipt of Hogue's complaint by letter dated September 23, 1998, but took no further action. Hogue further asserts that, on February 18, 1999, he sent a letter requesting that action be taken on his complaint, but none was taken by Neal and the Committee.

Hogue also points to United States District Judge Susan Webber Wright's April 12, 1999 opinion and order in *Jones v. Clinton*, 36 F. Supp.2d 1118, holding Mr. Clinton in contempt for willful failure to obey the court's discovery orders and finding that Mr. Clinton willfully lied under oath in his deposition and in sworn interrogatory responses. Apparently, Judge Wright's order was mailed to Neal and the Committee on April 13, 1999. Hogue asserts that, as of the filing of his petition for writ of mandamus, on December 13, 1999, Neal and the Committee have taken no action

on his complaint, have refused to provide Hogue with any information, have not assigned Hogue's case a docket control number, and have not taken any action with regard to Judge Wright's complaint. Hogue seeks to compel Neal and the Committee to take action on his and Judge Wright's complaints as provided by the Disciplinary Procedures and Model Rules adopted by this court.

Neal and the Committee responded to Hogue's petition on December 20, 1999, stating that matters before the Committee are confidential unless specifically excepted under Section 4 of the Procedures of the Arkansas Supreme Court Regulating the Professional Conduct of Attorneys at Law. They further allege Hogue has failed to state an established right to enforce and a ministerial duty to be compelled by a writ of mandamus. Neal and the Committee assert they have acted solely within their authority and discretion.

Neal and the Committee are correct that, initially, formal complaints are absolutely privileged under Section 4A(1), as are actions and activities arising from or in connection with an alleged violation of the Model Rules by an attorney licensed to practice law in this state. *Id.* 4A(2). However, the Executive Director and Committee do have certain mandates they must follow once a complaint is initiated under this court's regulations. We attempt to summarize the ones pertinent to Hogue's (and Judge Wright's) complaint(s).

First, the Executive Director has the duty to receive all complaints, and once he determines the complaint is supported with sufficient evidence, the Director *shall* process a formal complaint, direct it to the attorney for response, and assign the case a docket control number. Section 3(B). If the Director decides the complainant's allegations fall outside the purview of the Committee, the complaining party may request a review before the Alternate Committee on Professional Conduct. *Id.* Once the Executive Director determines a complaint should be processed, the Director *shall* advise the attorney and furnish him or her a copy of the formal complaint. It is significant to note that our procedures mandate that the Committee accept and treat as a formal complaint any writing signed by a judge of a court of record in this state. Section 5A. Thus, a judge's complaint requires little or no action by the Executive Director or Committee before the Committee must begin its procedures in notifying the attorney of the charges against him or her, so the attorney can explain or refute them. Section 5E. The

attorney's mailing address on record with this court's clerk constitutes the address for service of mail. *Id.* In this case, Mr. Clinton's address is listed with the clerk's office as follows: White House, Room 214, East Wing, Washington, D.C. 20500.

Upon service of the formal complaint, the attorney shall have twenty days in which to file a written response, but is allowed thirty days when she or he is a non-resident. Section 5F If the Director has not received a timely response, the Director shall proceed to issue ballots to the Committee members.[1] The Director *shall* provide a copy of the attorney's response to the complainant within ten days of receiving it and advise that the complainant has seven days in which to rebut or refute any allegations or information contained in the attorney's response. *Id.*[2]

The next stage or procedure requires the Executive Director to provide Committee members copies of pertinent pleadings and other information specified in Section 5G, and each member is to vote on the action to be taken on the formal complaint. If the Committee votes to take no disciplinary action against the attorney, the Executive Director shall so notify the complainant and attorney. Section 5H. If the Committee votes to impose a sanction, the attorney shall be notified of the Committee's findings and decision and advised that he or she has a right to a hearing before the Committee. The attorney shall also be advised that in the absence of a request for a hearing, such findings and order will be entered in the Committee files and filed as a public record with the clerk's office. *Id.*

From the facts as we know them, Hogue filed his complaint on September 15, 1998, and Neal, as Executive Director, was then required to furnish Mr. Clinton with a copy of that complaint. Service should have been performed under Section 5E, as we discussed above. Also, as already discussed, Neal was *mandated* to provide the attorney's response to the complainant within ten days from receiving it. Hogue asserts that no docket control number has been assigned his complaint, nor has he received any information from Neal or the Committee about any action taken regarding his

---

[1] A reasonable extension may be granted by the Director or chairperson of the Committee in accordance with Section 5F(2).

[2] Other rebuttal, surrebuttal, and calculation of time limitation provisions are contained in Section 5F, but we need not address those specific provisions at this point.

allegations. Neal and the Committee offer no explanation except to indicate that confidentiality controls the information at this stage of the proceedings and that their duties are discretionary and not ministerial in nature. While what Neal and the Committee argue is a correct statement of our procedures in Sections 2, 3, and 4, Neal and the Committee have mandatory duties that they must initiate under other procedures discussed above, in order to afford Hogue an opportunity to respond to Mr. Clinton's response, if he files one. Certainly, the same can be said of the complaint and referral from Judge Wright.

■ If Neal and the Committee have failed to initiate the procedures required to initiate and process Hogue's and Judge Wright's complaints, then we order they take such action forthwith. *See Sexton v. Arkansas Supreme Court Comm. on Professional Conduct,* 299 Ark. 439, 774 S.W.2d 114 (1989) (the supreme court is affirmatively charged with the duty of making and, by implication, of enforcing rules governing the practice of law and the conduct of lawyers). If Neal and the Committee have initiated such action already, Hogue and Judge Wright can expect to receive that notice and information called for under this court's procedures as discussed above. Once the court's rules and procedures are complied with and the parties are permitted to join issues, the Committee can then properly consider the allegations and arguments on their merits.

ARNOLD, C.J., and THORNTON, J., concur.

RAY THORNTON, Justice, concurring. I agree with the conclusion that the Committee should follow its rules and procedures in processing this complaint as they would any other. However, I write to emphasize that we are not deciding any issues concerning the merits of the complaint and nothing in this opinion should be construed as commenting upon the merits. I am authorized to state that Chief Justice ARNOLD joins in this concurrence.

Concurrence.